# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MANNY CHONG, | ) | |
| | ) | |
| and ALL OTHERS | ) | |
| SIMILARLY SITUATED, | ) | |
| | ) | Civil Action No. 1:20-cv-10844 RGS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Jury Trial is Demanded** |
| | ) | |
| NORTHEASTERN UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Manny Chong, for himself and for all others similarly situated, alleges as follows:

## NATURE OF THE ACTION

1.     This is a putative class action case alleging breach of contract and, in the alternative,

unjust enrichment.  Mid-way through the Spring 2020 academic term, Defendant ceased providing

any in-person instructional opportunities to Plaintiff, along with thousands of other enrolled students,

yet retained the entirety of the Spring 2020 tuition monies and facility fees that Plaintiff and the

other Class Members paid to Defendant with the expectation of receiving in-person instructional

services for the entire academic term.

## PARTIES, JURISDICTION, AND VENUE

2.     Plaintiff Man chung (Manny) Chong is an individual who resides in Boston,

Massachusetts.  He is a 2018 graduate of Boston University.  He is a citizen of Canada.  Plaintiff

matriculated at Northeastern University ("Northeastern" or "the University") in its Master of Science

1

in Counseling Psychology program in Fall 2019 and expects to earn a Master of Science graduate degree in that program from the University in May 2021.

3.      This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).  Plaintiff is a citizen of Canada, Defendant is a citizen of Massachusetts, the putative class size is greater than 100 persons, and the amount in controversy in the aggregate for the putative Class exceeds the sum or value of $5 million exclusive of interest and costs.

4.      Defendant Northeastern University ("Northeastern") resides in and principally conducts its operations in Massachusetts.

5.      This Court has personal jurisdiction over Defendant because Defendant conducts substantial commerce in Massachusetts.   Roughly 18,000 undergraduate and 9,000 graduate students were enrolled in Northeastern University as of the date of the filing of this Complaint.

6.      Venue is proper in this District.  Defendant transacts substantial business in this District, and acts alleged herein, including both Defendant's acceptance of tuition monies and provision of in-course instruction, took place within this District during time periods pertinent to this Complaint.

## FACTS

7.      The principal campus of Northeastern University is located in Boston, Massachusetts.  The University also has smaller regional campuses in Charlotte, NC, Seattle, WA, San Francisco, CA, and Toronto, Canada.

8.      On January 5, 2020, Plaintiff executed an "Annual Financial Responsibility Agreement" with Northeastern.  That Agreement provided:

In exchange for the opportunity to enroll at Northeastern, to receive educational

services, and for other valuable consideration, I agree to the following terms and conditions:

PAYMENT OF FEES/PROMISE TO PAY

…I accept full responsibility to pay all tuition, fees and other associated costs assessed as a result of my registration and/or receipt of services…

"Educational services" is not a defined term under the agreement.

9.      Mr. Chong did pay a total of $23,400.00 to Northeastern for Spring 2020 tuition, plus $16.00 for a Graduate Student Activity Fee, $60.00 for a Recreation Fee, and $70.00 for a Student Center Fee, across two payments made to Northeastern on Dec. 26, 2019 and Dec. 27, 2019.

10.      As of January 5, 2020, Northeastern did not permit its students to fulfill those course requirements necessary to obtain a Master's degree in Counseling Psychology via enrollment in a course with a delivery format consisting solely of on-line instruction.

11.      As of January 5, 2020, the course descriptions for Mr. Chong's Spring 2020 courses supplied by the Northeastern Registrar provided that each of those courses would be taught within an assigned room in a specific building (Ryder Hall) on Northeastern's Boston campus.

12.      Mr. Chong attended each of the five courses in which he enrolled for the Spring 2020 term on the Northeastern campus in Boston, MA between January 6, 2020 and March 11, 2020.

13.      Northeastern University President Joseph Aoun announced in an email to students on March 11, 2020 that all Spring 2020 courses offered by Northeastern would be taught online beginning March 12, 2020 for the remainder of the semester, in response to the spread of the Covid-19 virus.

14.      Northeastern markets the virtues of its campus facilities to prospective students. *Inter alia*, the University encourages prospective students to take in-person tours prior to enrolling.  With regard to the Boston campus, the University urges prospective enrollees to take a "1-hour tour of

campus to show you academic and research areas, a…residence hall, and the recreation centers."
(https://www.northeastern.edu/admissions/connect/visit/)

15.    Instruction supplied substantially or entirely online has been recognized as
pedagogically inferior by, *inter alia,* the Commission on Accreditation of the American
Psychological Association (which provides accreditation for Northeastern's Counseling
Psychology PhD-level program) in its Guidelines and Principles ("G&P") for Accreditation of
Programs in Professional Psychology.  Those guidelines provide that "a doctoral program delivering
education and training substantially or completely by distance [online] education…could not be
accredited," for the reason that "face-to-face, in-person interaction between faculty members and
students is necessary to achieve many essential components of the G&P that are critical to education
and training in professional psychology, including socialization and peer interaction, faculty role
modeling, and the development and assessment of competencies."

16.    As of 2019, upon information and belief, Northeastern had an endowment exceeding
$1.0 billion.

## CLASS ACTION ALLEGATIONS

17.    Plaintiff sues on his own behalf and on behalf of two classes of persons under Rule 23
of the Federal Rules of Civil Procedure.

18.    Subject to modification after discovery and case development, the first putative Class
(the "Tuition Class") is tentatively defined as:

> All Northeastern University students who attended one or more courses in-
> person for credit on a Northeastern campus between January 1, 2020 and
> March 11, 2020 (during the 'Spring 2020 Semester'), and paid tuition
> monies to Northeastern for the Spring 2020 Semester on or before March
> 11, 2020.

19.    Excluded from the Tuition Class are the following individuals and/or entities:

Defendant and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; any and all federal, state or local governments; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

20.    Upon information and belief, all or nearly all graduate students who attended one or more courses in-person for credit on a Northeastern campus between January 1, 2020 and March 11, 2020 paid Northeastern a Graduate Student Activity Fee equaling or exceeding $16.00, a Recreation Fee equaling or exceeding $60.00, and a Student Center Fee equaling or exceeding $70.00, on or prior to March 11, 2020.

21.    Upon information and belief, all or nearly all undergraduate students who attended one or more courses in-person for credit on a Northeastern campus between January 1, 2020 and March 11, 2020 paid Northeastern an undergraduate student activity fee equaling or exceeding $16.00, a recreation fee equaling or exceeding $60.00, and a Student Center Fee equaling or exceeding $70.00, on or prior to March 11, 2020.

22.    Subject to modification after discovery and case development, the second putative Class (the "Fees Class") is tentatively defined as:

> All Northeastern University students who paid Northeastern a student activity fee, a recreation fee, and a student center fee on or before March 11, 2020, and who were enrolled in one or more courses for credit on a Northeastern campus between January 1, 2020 and March 11, 2020 (during the 'Spring 2020 Semester').

23.    Excluded from the Fees Class are the following individuals and/or entities: Defendant and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be

excluded from this proceeding using the correct protocol for opting out; any and all federal, state or local governments; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

24.     Prior to registering for courses at Northeastern for the Spring 2020 term, all Northeastern students executed a Financial Responsibility Agreement that included the same provision set forth at Paragraph 8 above.

25.     For a period of several weeks and, upon information and belief, throughout the month of April 2020, tuition-paying Northeastern students have not been able to access Northeastern's on-campus facilities and resources, such as the campus' classrooms, library (along with the assembled hard copy academic resources  there), the campus student center, or the campus' three fitness facilities.

26.     Since March 12, 2020, no tuition-paying Northeastern student has received instruction from Northeastern faculty in-person.

27.     Separate actions by individual members would risk inconsistent or varying judgments, which would establish incompatible standards of conduct for the Defendant and impair or impede Class Members' ability to pursue their claims to resolution.

28.     Plaintiff reserves the right to modify or amend the definition of the proposed Classes before the Court determines whether certification is appropriate.

29.     Consistent with Federal Rule of Civil Procedure 23(a)(1), the proposed classes are so numerous that joinder of all members is impracticable. Upon information and belief, there are over 20,000 members of each proposed class in the United States. The precise number of separate individuals who are members of the Classes is readily identifiable and ascertainable based on Defendant's records.

30.     Defendant engaged in a course of conduct giving rise to violations of the legal rights sought to be enforced uniformly by the Class Members. Similar or identical statutory violations, business practices, and injuries are involved. Therefore, individual questions, if any, pale in comparison to the numerous common questions presented.

31.     Consistent with Federal Rule of Civil Procedure 23(a)(2), Plaintiff's claims are typical of the Class claims, as they arise out of the same course of conduct and the same legal theories.  Plaintiff challenges Defendant's practices and conduct as to the Class as a whole.  The damages sought and injuries sustained by members of the Class flow, in each instance, from a common nucleus of operative facts.

32.     Consistent with Federal Rule of Civil Procedure 23(a)(3), the representative Plaintiff' claims are typical of those of the Class, as all members of each putative Class are similarly affected by Defendant's uniform conduct as alleged.

33.     Consistent with Federal Rule of Civil Procedure 23(a)(4), Plaintiff will fairly and adequately protect the interests of each putative class.

34.     Given the similar nature of the Class Members' claims and the absence of material differences in the statute upon which the Class Members' claims are based, a class will be easily managed by the Court and the parties.

35.     Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of each Class, supporting the imposition of uniform relief to ensure compatible standards of conduct toward the members of each Class.  Maintenance of the instant matter as a class action is therefore appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2).

36.     Questions of law and fact common to the Class Members predominate over questions affecting only individual members, including:

7

a.      whether Defendant breached its contracts with Plaintiff and the other putative Class Members when it ceased providing in-person instruction on March 12, 2020 (as to the Tuition Class),

b.      whether Defendant has been unjustly enriched by retaining the entirety of the tuition monies collected from Plaintiff and the putative Class Members, including for periods of instruction post-dating March 12, 2020 (as to the Tuition Class),

c.      whether Defendant breached its contracts with Plaintiff and the other putative Class Members when it ceased permitting access to any Northeastern student to its campus facilities, including its student center, with no on-campus activities conducted in any of those facilities, upon information and belief, from late March 2020 onward  (as to the Fees Class),

d.      whether Defendant has been unjustly enriched by retaining the entirety of the activity fee, recreation fee, and student center fee monies collected from Plaintiff and the putative Class Members, including for periods post-dating the closure of Defendant's campus, and cessation of campus activities, during the Spring 2020 term (as to the Fees Class).

37.      A class action is superior to other available methods for fairly and efficiently adjudicating the controversy at hand.  Maintenance of the instant matter as a class action is therefore appropriate pursuant to Federal Rule of Civil Procedure 23(b)(3).

38.      The class representative has no interests which conflict with or are adverse to those of the other Class Members.

39.      Plaintiff reserves the right to revise the above class definitions based on facts learned

in discovery.

## COUNT I – Breach of Contract (Tuition Class)

40.     Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 39.

41.     Plaintiff Mr. Chong and Northeastern University had an agreement in the form of the Financial Responsibility Agreement, as did all other Tuition Class Members in the form of a Financial Responsibility Agreement with Northeastern.

42.     Mr. Chong's agreement with Northeastern, and that of the other Tuition Class Members with Northeastern, is supported by valid consideration, including Plaintiff's payment of tuition monies to Northeastern, and the other Tuition Class Members' payment of tuition monies to Northeastern.

43.     Plaintiff and the putative Tuition Class Members were ready, willing, and able to perform under the Annual Financial Responsibility Agreement.

44.     Defendant breached its contract with Plaintiff, and each of its contracts with the putative Tuition Class Members, on March 12, 2020 when it ceased providing in-person instruction to Plaintiff, along with all other putative Tuition Class Members, for those courses in which Plaintiff and the putative Tuition Class Members had been enrolled and for which Defendant had provided in-person instruction prior to March 12, 2020.

45.     Plaintiff and the putative Tuition Class Members sustained damages due to Defendant's breach.  From March 12, 2020 onward, Plaintiff and the Tuition Class Members have been deprived of the benefit of that in-person educational instruction which they paid for upon contracting with Defendant.  Further, for a period of several weeks dating to late March 2020, Plaintiff and the Tuition Class Members have been deprived of any access to Defendant's campus

facilities.

### COUNT II – Unjust Enrichment (Pled in the Alternative to Count I) (Tuition Class)

46.     Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 39.

47.     Defendant has retained tuition monies of the Plaintiff and the putative Tuition Class Members for the Spring 2020 term against fundamental principles of justice.

48.     Defendant has retained tuition monies of the Plaintiff and the putative Tuition Class Members for the Spring 2020 term against fundamental principles of equity and good conscience.

49.     Defendant Northeastern University has been unjustly enriched in its retention of the entirety of Spring 2020 tuition monies paid by Plaintiff and the Tuition Class Members for instructional services provided in an online format from March 12, 2020 onward, where Defendant provided instructional services in those same courses in an in-person format prior to March 12, 2020. As remedy for said unjust enrichment, Plaintiff and the Class Members seek disgorgement.

### COUNT III– Breach of Contract (Fees Class)

50.     Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 39.

51.     Plaintiff Mr. Chong and Northeastern University had an agreement in the form of the Financial Responsibility Agreement, as did all other Fees Class Members in the form of a Financial Responsibility Agreement with Northeastern.

52.     Mr. Chong's agreement with Northeastern, and that of the other Fees Class Members, is supported by valid consideration, including Plaintiff's payment of activity fee, recreation fee, and student center fee monies to Northeastern, and the other Fees Class Members' payment of activity fee, recreation fee, and student center fee monies to Northeastern.

10

53.     Plaintiff and the putative Fees Class Members were ready, willing, and able to perform under the Annual Financial Responsibility Agreement.

54.     Defendant breached its contract with Plaintiff, and each of its contracts with the putative Fees Class Members, in or around late March 2020, when it ceased permitting access to any Northeastern student to its campus facilities, including its student center, with no on-campus activities conducted in any of those facilities, upon information and belief, from late March 2020 onward.

55.     Plaintiff and the putative Fees Class Members sustained damages due to Defendant's breach.  For a period of several weeks dating to late March 2020, Plaintiff and the Class Members were deprived of access to Defendant's campus facilities, including Defendant's student center, and were prohibited and prevented from partaking of any activity on any Defendant-owned or operated campus facility.

**COUNT IV – Unjust Enrichment (Pled in the Alternative to Count III) (Fees Class)**

56.     Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 39.

57.     Defendant has retained activity fee, recreation fee, and student center fee monies of the Plaintiff and the putative Fees Class Members for the Spring 2020 term against fundamental principles of justice.

58.     Defendant has retained student activity fee, recreation fee, and student center fee monies of the Plaintiff and the putative Fees Class Members for the entire Spring 2020 term, including for periods when Plaintiff and the putative Fees Class Members could not access campus or participate in on-campus student activities, against fundamental principles of equity and good conscience.

59.     Defendant Northeastern University has been unjustly enriched in its retention of the entirety of the student activity fee, recreation fee, and student center fee monies paid by Plaintiff and the Fees Class Members for the Spring 2020 term, where Defendant did not provide the Fees Class Members with access to any of Defendant's campus facilities (nor the attendant activities that otherwise would have been conducted in those facilities), and including Defendant's student center, for a period of several weeks, including all of April 2020.   As remedy for said unjust enrichment, Plaintiff and the Fees Class Members seek disgorgement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request relief from this Court as follows:

a.   Certification of the action as a Class Action under Rule 23 of the Federal Rules of Civil Procedure, appointment of Plaintiff as Class Representatives, and appointment of counsel of record as Class Counsel;

b.  Judgment against Northeastern University for an amount to be determined by a jury at trial of this matter, for all damages suffered by Plaintiff and the putative Class Members;

c.   An award for Plaintiff's costs, expenses, and attorneys' fees based on creation of a common fund to the benefit of the class;

d.   Pre and post-judgment interest; and

e.   Any other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues triable by jury.

Respectfully submitted,

*/s/ Douglas F. Hartman*
Douglas F. Hartman, BBO# 642823
HARTMAN LAW, P.C.
10 Post Office Square, Suite 800 South
Boston, Massachusetts 02109
P:  617-807-0091
F:  617-507-8334
dhartman@hartmanlawpc.com
Counsel for Plaintiff Manny Chong

W. Clifton Holmes
The Holmes Law Group, Ltd.
350 N. Orleans St.
Suite 9000N
Chicago, IL 60654
IL Bar No. 6305206
holmes@theholmeslawgroup.com
(312) 721-0779 (t)
Counsel for Plaintiff Manny Chong

May 7, 2020