UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MANNY CHONG and THANE GALLO, and all others similarly situated,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>NORTHEASTERN UNIVERSITY,<br><br>    *Defendant*. | CIVIL ACTION No. 1:20-cv-10844-RGS |

**DEFENDANT'S MOTION TO CONSOLIDATE AND SET PLEADING SCHEDULE**

Pursuant to Federal Rule of Civil Procedure 42(a)(2) and Local Rule 40.1(j), defendant Northeastern University moves to: (1) consolidate this action with two additional proposed class action cases pending against Northeastern in the United States District Court for the District of Massachusetts, *Satam, et al. v. Northeastern University*, Case No. 1:20-cv-10915-RGS (D. Mass., filed May 13, 2020), and *Bahrani, et al. v. Northeastern University*, Case No. 1:20-cv-10946-DPW (D. Mass., filed May 18, 2020); (2) set a deadline of July 15, 2020 for filing any consolidated and amended complaint; and (3) extend Northeastern's responsive pleading deadline for the consolidated cases to the earlier of thirty (30) days after the filing of any consolidated and amended complaint, or August 14, 2020.

Consolidation is warranted under Rule 42(a)(2), which allows the Court to consolidate "actions before the court [that] involve a common question of law or fact." Here, consolidation would promote judicial economy and save time, effort, and expense without unduly prejudicing any party.

First, the cases present common facts. All three cases involve the same defendant, Northeastern, and arise out of Northeastern's decision to provide remote education for the final

1

five weeks of the Spring 2020 semester as a result of the COVID-19 pandemic. Furthermore, all three complaints seek to certify classes of persons who paid Northeastern tuition and fees for the Spring semester of 2020. Indeed, Satam listed the present case as a related one in the civil cover sheet. (Bahrani did not do so, but only because her counsel was apparently unaware of the earlier-filed *Chong* and *Satam* cases; that is why her case was randomly assigned to Judge Woodlock.) In the event that the case is not dismissed at the outset, Northeastern should not be subjected to costly, duplicative fact discovery requests in three different cases on the same subject.

<u>Second</u>, the cases present the same central legal issues. All plaintiffs have brought claims for breach of contract and unjust enrichment, and all are seeking relief in the form of a pro-rated refund for tuition and fees. (Satam and Bahrani also assert claims of conversion, but they are based on the same operative facts as the claims for breach of contract and unjust enrichment.) Furthermore, the Court will need to decide the same factual and legal issues relating to class certification. None of the complaints purports to be limited to any particular university division or program, and all (subject to customary, limited exceptions) propose classes of persons who paid tuition and fees to Northeastern for the Spring 2020 semester. Consolidation would avoid the possibility of conflicting rulings, avoid confusion on the part of the absent members of the proposed class(es), and allow the Court to address the numerous related issues in a single proceeding, rather than in piecemeal fashion. Indeed, if the cases are consolidated, the plaintiffs may agree among themselves to file, or the Court may order the filing of, a consolidated class action complaint. *See* Newberg on Class Actions § 10:35 (that district court has authority to order filing of consolidated and amended complaint, but that nonetheless cases retain their distinct identities).

The Court should exercise its discretion under Rule 42(a)(2) to consolidate the actions. *See In re Cameron*, 2017 U.S. Dist. LEXIS 205735, at *13 (D. Mass. Dec. 14, 2017). "When weighing the costs and benefits of consolidation, it is appropriate to consider the convenience or inconvenience to the parties, the judicial economy, the savings in time, effort or expense and any confusion, delay or prejudice that might result from consolidation." *Id*. at 13 (internal quotations omitted); *see also Cruickshank v. Clean Seas Co.*, 402 F. Supp. 2d 328, 341 (D. Mass. 2005). This consideration is especially pronounced in the context of competing class actions with overlapping proposed classes. *See, e.g.,* Newberg at s. 10:35 (noting that district court has discretion to consolidate proposed class actions over objection of one or even all parties); 8 Moore's Fed. Prac. Civil s. 42.10[3] (2020) (noting that courts "have consolidated a number of class actions when similar or identical factual issues and legal claims are involved against the same defendants"); *Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 636 (E.D. Va. 2006); *Bunch v. W.R. Grace & Co.*, No. 04-218-DLB, 2005 U.S. Dist. LEXIS 44277 (E.D. Ky. July 21, 2005); *Reisman v. Van Wagoner Funds, Inc.*, Civil Action No. 02-012-SLR, 2002 U.S. Dist. LEXIS 12224 (D. Del. Jan. 4, 2002).

All three cases are in their early stages. Due to delays in service and amendments, Northeastern has not been required to respond to any of the complaints. Accordingly, no party will be prejudiced by consolidation. *See In re Cameron* at 13.

Pursuant to Local Rule 7.1(a)(2), counsel for Northeastern conferred with counsel for Chong, Satam, and Bahrani, who are each separately represented. In conferences on June 16, 2020, counsel for Satam and Bahrani agreed to consolidation and agreed in principle to extensions of time to permit discussion of a potential consolidated and amended complaint, but did not respond to Northeastern's email request of June 18, 2020 for their position as to the specific dates

proposed herein. By conference on June 22, 2020, counsel for Chong and Gallo agreed to an extension to respond to the second amended complaint in their case to August 14, 2020, but stated their intent to file a memorandum in opposition to consolidation by June 24, 2020.

WHEREFORE, Northeastern requests that the Court: (1) consolidate *Satam v. Northeastern University*, Case No. 1:20-cv-10915-RGS (D. Mass., filed May 13, 2020), and *Bahrani v. Northeastern University*, Case No. 1:20-cv-10946-DPW (D. Mass., filed May 18, 2020), with this action; (2) order that any consolidated and amended complaint be filed by July 15, 2020; and (3) extend the time by which Northeastern may respond to the complaints to the earlier of (i) thirty (30) days after the filing of any consolidated and amended complaint, or (ii) August 14, 2020.

Respectfully submitted,

NORTHEASTERN UNIVERSITY

By its attorneys,

/s/ John A. Shope
John A. Shope, BBO #562056
Rachel C. Hutchinson, BBO#696739
Foley Hoag LLP
155 Seaport Blvd.
Boston, MA 02210
Tel: 617-832-1000
jshope@foleyhoag.com
rhutchinson@foleyhoag.com

Victoria L. Steinberg, BBO #666482
Daniel J. Cloherty, BBO #565772
Rebecca M. O'Brien, BBO #693592
Todd & Weld LLP
One Federal Street, 27th Floor
Boston, MA 02210
(617)720-2626
vsteinberg@toddweld.com

dcloherty@toddweld.com
robrien@toddweld.com

Dated: June 23, 2020

## CERTIFICATE OF CONFERENCE

In accordance with Local Rule 7.1(a)(2), I certify that counsel for Northeastern conferred with counsel for Chong, Satam, and Bahrani prior to filing this motion as set forth in the motion.

>*/s/ John A. Shope*
>John A. Shope

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of June 2020, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such to all counsel of record via the CM/ECF system.

>*/s/ John A. Shope*
>John A. Shope