UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MANNY CHONG, THANE GALLO, and ALL OTHERS SIMILARLY SITUATED, | ) ) ) ) ) ) ) | |
| Plaintiff, | ) | Civil Action No.  1:20-10844-RGS |
| v. | ) ) | |
| NORTHEASTERN UNIVERSITY, | ) ) | |
| Defendant. | ) ) | |
| GAURAV SATAM, individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) | Civil Action No.  1:20-10915-RGS |
| v. | ) ) | |
| NORTHEASTERN UNIVERSITY, | ) ) | |
| Defendant. | ) ) | |
| MANISHA BAHRANI, individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) | Civil Action No.  1:20-10946-RGS |
| v. | ) ) | |
| NORTHEASTERN UNIVERSITY, | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S MOTION TO DISMISS**

1

Pursuant to Fed. R. Civ. P. 12(b)(6), Local Rule 7.1(b) and this Court's order of June 29, 2020, and for the reasons more fully stated in the accompanying memorandum of law and Affidavit of Jim Lemmon, Jr., defendant Northeastern University hereby moves to dismiss all of the claims in the three captioned actions for failure to state a claim.  In summary, the plaintiffs fail plausibly to allege any contractual promise of continued in-person instruction and use of campus facilities during the coronavirus pandemic, but rather make a challenge to the quality of their educations that is not legally cognizable in contract or otherwise.  The plaintiffs' claim for unjust enrichment is further foreclosed by the parties' contractual relationship, including Northeastern's specific written reservation of the discretion to substitute alternatives to scheduled classes and academic activities and disclaimer of liability for events beyond the university's control.  The claims by plaintiffs Satam and Bahrani for conversion independently fail because, apart from the fact that they had no entitlement to the tuition refund that they now demand, any such intangible right is not susceptible of a claim for conversion under Massachusetts law.

|  |  |
|---|---|
| | Respectfully submitted, |
| Dated: August 24, 2020 | NORTHEASTERN UNIVERSITY |
| | By its attorneys, |
| | */s/ John A. Shope* |
| | John A. Shope, BBO #562056 |
| | Rachel C. Hutchinson, BBO#696739 |
| | Foley Hoag LLP |
| | 155 Seaport Blvd. |
| | Boston, MA 02210 |
| | Tel: 617-832-1000 |
| | jshope@foleyhoag.com |
| | rhutchinson@foleyhoag.com |
| | |
| | Victoria L. Steinberg, BBO #666482 |
| | Daniel J. Cloherty, BBO #565772 |
| | Rebecca M. O'Brien, BBO #693592 |
| | Todd & Weld LLP |
| | One Federal Street, 27th Floor |
| | Boston, MA 02210 |
| | (617)720-2626 |
| | vsteinberg@toddweld.com |
| | dcloherty@toddweld.com |
| | robrien@toddweld.com |

**CERTIFICATE OF CONFERENCE**

In accordance with Local Rule 7.1(a)(2), I certify that I conferred with counsel for Chong, Satam, and Bahrani prior to filing this motion and the parties were unable to reach agreement.

> */s/ John A. Shope*
> John A. Shope

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 24th day of August, 2020, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such to all counsel of record via the CM/ECF system.

                                          */s/ Rachel C. Hutchinson*
                                          Rachel C. Hutchinson